UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>            Plaintiff,<br><br>     v.<br><br>STUART SHERMAN, et al.,<br><br>            Defendants. | Case No.: 1:21-cv-01551-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANT SHERMAN**<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Edward B. Spencer is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

### I.     INTRODUCTION

On May 2, 2025, the Court issued its Second Screening Order. (Doc. 17.) It found Plaintiff plausibly alleged an Eighth Amendment failure to protect claim against Defendant Lopez for refusing or failing to wear a mask. (*Id*. at 9.) The Court further found that Plaintiff failed to allege any other cognizable Eighth Amendment claim against Defendants Sherman or Lopez concerning housing and dining decisions during the COVID-19 pandemic, or for permitting infected inmate porters into common areas or permitting infected Facility F kitchen staff to deliver meals. (*Id*. at 4-9.) Plaintiff was directed to do one of the following within 21 days: (1) notify the Court in writing if he did not wish file a second amended complaint and was willing to proceed only on his Eighth Amendment failure to protect claim against Defendant Lopez for

refusing and/or failing to wear a mask; or (2) file a second amended complaint curing the deficiencies identified in the order; or (3) file a notice of voluntary dismissal. (*Id.* at 10-11.)

On May 15, 2025, Plaintiff filed a document titled "Plaintiff Chooses to Proceed on his Cognizable Claim in the Complaint." (Doc. 18.) Plaintiff states he "does not wish to file a second amended complaint, and is willing to proceed against Defendant Lopez …." (*Id.*)

## II.  DISCUSSION

Because Plaintiff elects to proceed on his Eighth Amendment claim against Defendant Lopez as found cognizable by the Court, the Court will recommend this action proceed only as to that claim, that the remaining claims in Plaintiff's complaint be dismissed, and that Defendant Sherman be dismissed from the action.

## III.  ORDER AND RECOMMENDATIONS

Accordingly, the Court **HEREBY ORDERS** the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court **HEREBY RECOMMENDS** that:

1. This action **PROCEED** *only* on the Eighth Amendment failure to protect claim against Defendant D. Lopez;
2. Defendant Stuart Sherman be **DISMISSED**; and
3. Any remaining claims be **DISMISSED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15- page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28

2

U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **May 16, 2025**

UNITED STATES MAGISTRATE JUDGE