1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10

11    EDWARD B. SPENCER,                    Case No.: 1:21-cv-01551-JLT-CDB

12                  Plaintiff,              **FINDINGS AND RECOMMENDATIONS TO
                                            GRANT IN PART AND DENY IN PART
13          v.                              PLAINTIFF'S MOTION TO STRIKE
                                            AFFIRMATIVE DEFENSES**
14    STUART SHERMAN, et al.,
                                            (Doc. 33)
15                  Defendants.
                                            **14-DAY OBJECTION PERIOD**
16

17          Plaintiff Edward B. Spencer is proceeding pro se and *in forma pauperis* in this civil rights

18    action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's Eighth Amendment

19    failure to protect claim against Defendant Lopez.

20          **I.      RELEVANT BACKGROUND**

21          This action presently is proceeding through the Court's discovery and pretrial motion

22    schedule. (Doc. 31) On October 6, 2025, Plaintiff filed a "Motion to Strike Defendant Affirmative

23    Defenses to Complaint." (Doc. 33.)  Defendant Lopez opposed the motion (Doc. 35), and Plaintiff

24    replied (Doc. 36).

25          **II.     LEGAL STANDARDS**

26          Federal Rule of Civil Procedure 8(c) requires the responding party to "affirmatively state

27    any avoidance or affirmative defense" and then provides a nonexhaustive list of affirmative

28    defenses that may be pled in response to vitiate the plaintiff's claim. Fed. R. Civ. P. 8(c)(1); *Jones*

*v. Bock*, 549 U.S. 199, 212 (2007) (finding list "nonexhaustive"). An affirmative defense is an assertion of facts that if proven would defeat or reduce the stated claim. Thus, allegations that merely claim the plaintiff cannot meet his burden of proof or merely reserves the right to identify future defenses is not a proper affirmative defense. *See Zivkovic v. So. Cal. Edison Co*., 302 F.3d 1080, 1088 (9th Cir. 2002).

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may strike from an answer "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  An affirmative defense may be insufficient either "as a matter of pleading or as a matter of law." *Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 627-28 (E.D. Cal. 2014) (citing *Dodson v. Strategic Restaurants Acquisition Co.*, 289 F.R.D. 595, 603 (E.D. Cal. 2013)). "Legal insufficiency means that the affirmative defense lacks merit 'under any set of facts the defendant might allege.'  Pleading insufficiency means a failure to provide the plaintiff with fair notice." *Dodson*, 289 at F.R.D. at 603 (internal citations omitted). An affirmative defense must give fair notice of the defense pled.  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

"In *Kohler v. Flava Enterprises, Inc.*, the Ninth Circuit continued to apply the 'fair notice' standard to affirmative defenses." *Chock v. Stryker Corp*., No. 1:21-cv-00996-KES-CDB, 2025 WL 1797933, at *1 (E.D. Cal. June 30, 2025) (citing *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015)) ("[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'").[1] While *Kohler* did not address any tension with *Twombly* and *Iqbal*'s "plausible on its face" standard for complaints,[2] courts in this district have interpreted *Kohler* as reflecting that *Wyshak*'s "fair notice" standard continues to apply to affirmative defenses.[3] *See id.* (citing *Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, 188 F.

---

[1] More recently, the Ninth Circuit endorsed the continuing applicability of the "fair notice" standard to affirmative defenses. *See Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019) (citing *Wyshak*, 607 F.2d at 827).

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), establishing a "plausible on its face" standard as to allegations of a complaint.

[3] Courts in other districts have reached divergent conclusions as to whether *Kohler's* "fair notice" standard

2

1    Supp. 3d 986, 991–92 (E.D. Cal. 2016) (collecting cases)).

2        "An affirmative defense is adequately pled if it gives the opposing party 'fair notice of the

3    defense' such that the other party may rebut the defense or strategize accordingly." *Gen.*

4    *Convention of New Jerusalem in United States of America v. Calamigos Ranch Corp.*, No. 2:23-

5    cv-00572-HDV-MAR, 2023 WL 6192704, at *2 (C.D. Cal. Aug. 10, 2023) (citing *Simmons v.*

6    *Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak*, 607 F.2d at 827)

7    (overruled on other grounds by *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016)).

8    Although the "fair notice" standard is relatively low, it imposes a requirement that there be "some

9    valid factual basis" pleaded in support of the affirmative defense. *Rosen v. Masterpiece Mkgt.*

10   *Grp.*, 222 F. Supp.3d 793, 798 (C.D. Cal. 2016) (citations omitted).

11       **III.    DISCUSSION**

12           ***Plaintiff's Motion to Strike Affirmative Defenses***

13       Plaintiff contends Defendant's affirmative defenses "are boilerplating listing of

14   Affirmative Defenses," irrelevant to his claims. He argues Defendant fails to allege sufficient and

15   "identifiable" facts, alleging only conclusory statements. Further, Plaintiff contends Defendant's

16   affirmative defenses are "vague, conclusory allegations that fail." Plaintiff maintains this Court

17   "should apply the pleading standard set forth in *Wyshak* … to determine whether a Defendant has

18   provided fair notice of an affirmative defense."

19           ***Defendant's Opposition***

20       First, Defendant contends Plaintiff's motion is untimely by more than 30 days and should

21   be denied on that basis. Second, Defendant maintains the affirmative defenses meet the required

22   pleading standard and should not be stricken. Next, Defendant asserts the pleading standard set

23   forth in *Wyshak* and relied upon by Plaintiff supports Defendant's affirmative defenses. Further,

24

25   or the *Twombly/Iqbal* standard applies to the pleading of affirmative defenses. *Cf. Cota v. Avenda Corp.*, No. 3:20-
     cv-01137-BEN-BGS, 2020 WL 6083423, at *3-4 (S.D. Cal. Oct. 14, 2020) (collecting cases and noting "[t]he

26   Southern District follows the Ninth Circuit's decision in *Kohler*") *with United States v. Academy Mortgage Corp.*,
     No. 16-cv-02120-EMC, 2020 WL 7056017, at *2 (N.D. Cal. Dec. 2, 2020) (collecting cases and noting "[o]nly two

27   courts in this district have applied the lower 'general terms' standard from *Kohler*," and concluding "[t]here are
     strong policy reasons for requiring parties to meet the pleading standard set forth in *Twombly* and *Iqbal* for

28   affirmative defenses").

Defendant contends Plaintiff "is also on fair notice of these defenses due to his extensive history litigating cases in which similar defenses were asserted" and that it is "implausible to think that Spencer does not have notice or knowledge of" the affirmative defenses asserted here. Defendant maintains Plaintiff does not argue the affirmative defenses are insufficient, redundant, immaterial, impertinent, or scandalous. Even so, if the Court finds otherwise, because there is no prejudice to Plaintiff, Defendant should be granted leave to file an amended answer.

### *Plaintiff's Reply*

First, Plaintiff contends his motion is timely because the Court did not lift the previously imposed 120-day stay of these proceedings until September 18, 2025, meaning his October 6, 2025, motion was filed within the 21 days set by Rule 12(f). Next, Plaintiff argues "Defendant's shotgun answer, without any underlying supporting facts, contains many potentially spurious issues" and asserts the answer offers "no facts whatsoever." More specifically, Plaintiff asserts "Defendant's First, Second, Third, Fourth, and Fifth affirmative defenses do not give Plaintiff sufficient notice to allow him to prepare his case." Further, Plaintiff maintains that "Defendant wants to insert res judicata defense because Spencer asserted similar claims in a case against the same Defendant," but the two actions do not involve "the same transactional nucleus of facts" or the "same subject matter so there is no res judicata defense." Plaintiff asks the Court to grant him motion "because it was timely and because the affirmative defenses were not properly pleaded."

### *The Affirmative Defenses*

Defendant filed an answer to Plaintiff's operative first amended complaint on August 12, 2025, asserting the following affirmative defenses:

#### First Affirmative Defense

> At all relevant times, Defendant acted within the scope of discretion, with due care, and with good faith in fulfillment of Defendant's responsibilities under all applicable statutes, rules, regulations, and practices; within the bounds of reason under all circumstances known, and with the good-faith belief that his actions comported with all applicable federal and state laws. Defendant[] therefore assert[s] that Plaintiff's claim is barred, limited, or controlled by principles of immunity, including the federal-law principle of qualified immunity.

///

4

1

<u>Second Affirmative Defense</u>

2

To the extent Plaintiff asserts he suffered harm or injuries, Plaintiff failed to take reasonable steps to mitigate the harm or injuries.

3

<u>Third Affirmative Defense</u>

4

5

Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and his claims are therefore barred.

6

<u>Fourth Affirmative Defense</u>

7

8

Defendant did not act with malicious intent or with reckless disregard for Plaintiff's rights and therefore is not liable for punitive damages.

9

<u>Fifth Affirmative Defense</u>

Plaintiff's claims are barred by the doctrine of res judicata.

10

11

(Doc. 26 at 6-7.)

12

***Analysis***

13

The Court finds Plaintiff's motion is timely. As reflected on the docket, Defendant

14

answered the complaint on August 12, 2025, and the Court issued its order regarding early ADR

15

the following day. (Docs. 26 & 27.) The order expressly states: "No pleadings or motion may be

16

filed in this case during the [120-day] stay." (Doc. 27 at 2.) Therefore, Plaintiff could not file the

17

instant motion until the stay was lifted on September 18, 2025. (Doc. 30.) 18 days later,[4] Plaintiff

18

filed his motion, making it timely pursuant to Rule 12(f).

19

*First Affirmative Defense*

20

This defense alleges Defendant acted "within the scope of discretion, with due care, and

21

with good faith …." The undersigned finds the first affirmative defense puts Plaintiff on fair

22

notice that Defendant Lopez will argue the alleged wrongful conduct constituted an exercise of

23

discretion, carried out with due care and in good faith. *See Roe v. City of San Diego*, 289 F.R.D.

24

604, 609 (S.D. Cal. 2013) ("ample case law describes the scope of these defenses, and at this

25

point in the litigation, the Individual Defendants need not elaborate further"); *Kaur v. City of*

26

*Lodi*, No. 2:14-cv-00828-TLN-AC, 2016 WL 627308, at *3 (E.D. Cal. Feb. 17, 2016) (denying

27

28

[4] Plaintiff's motion is dated and signed August 20, 2025. (Doc. 33 at 1, 5.) And despite an attached Proof of Service reflecting the motion was served on that same date, it was not filed during the limited stay of these proceedings.

1    motion to strike good faith affirmative defense and noting federal courts' reluctance "to determine

2    disputed or substantial issues of law [such as a discretionary versus non-discretionary functions]

3    on a motion to strike").

4         Further, it is well established that qualified immunity is an affirmative defense, and one

5    that does not require additional facts to be sufficiently plead. *Crawford-El v. Britton*, 523 U.S.

6    574, 587 (1998); *L.F. v. City of Stockton*, No. 2:17-cv-01648-KJM-DB, 2018 WL 3817558, at *7

7    (E.D. Cal. Aug. 9, 2018) (stating that "qualified immunity is sufficiently pleaded without

8    additional factual bases") (citing *Kaur*, 2016 WL 627308, at *3). The assertion of this affirmative

9    defense puts Plaintiff on notice that Defendant intends to argue that the alleged wrongful conduct

10   constituted an exercise of discretion and was carried out in good faith. Further, the undersigned

11   finds that a motion to strike "is not a good fit for resolving issues like [q]ualified [i]mmunity

12   which often turn on facts yet to be developed." *Atkins v. Pickard*, 298 F. App'x 512, 513 (7th Cir.

13   2008); *Mollica v. Cnty. of Sacramento*, No. 2:19-CV-02017-KJM-DB, 2021 WL 2853863, at *2

14   (E.D. Cal. July 8, 2021) ("This defense gives adequate notice of the individual defendants' intent

15   to argue they are entitled to qualified immunity against claims under § 1983, a commonly

16   litigated and well-understood affirmative defense").  Thus, the Court will recommend Plaintiff's

17   motion to strike the first affirmative defense be denied.

18                    *Second Affirmative Defense*

19       "A failure to mitigate generally arises when an injured party could have prevented the

20   continuation or enhancement of the injury." *Baker v. Shahbazian*, No. 1:24-CV-01279-HBK,

21   2025 WL 3224932, at *3 (E.D. Cal. Nov. 19, 2025) (citation and quotation omitted). While a

22   failure to mitigate is an affirmative defense, here, it is conclusory and devoid of factual support.

23   The undersigned recognizes that affirmative defenses ordinarily require little to no factual

24   support. *Wyshak*, 607 F.2d at 827. Nonetheless, there are various ways a plaintiff fails to mitigate

25   damages, and the Court presumes Defendant possesses facts suggesting a failure to mitigate. A

26   brief description of that factual basis should be included so that this defense is not "fact barren."

27   *Gomez*, 188 F.Supp.2d at 992. Because the affirmative defense fails to give any indication as to

28   how Plaintiff failed to mitigate his damages, fair notice is not provided. *See DeSalvo v. Islands*

*Rest., L.P.*, No. 2:20-cv-2620-VAP-Ex, 2020 WL 4035071, at \*15 (C.D. Cal. July 16, 2020) (striking a failure to mitigate affirmative defense because no factual basis of any kind was pled); *cf. Kaur*, 2016 WL 627308, at \*5 (ruling that defendants properly asserted an affirmative defense for plaintiff's failure to mitigate damages because defendants explained in their affirmative defense that plaintiff failed to mitigate emotional damages because she did not seek counseling); *Gomez*, 188 F.Supp.3d at 1003 (striking without prejudice an inapplicable mitigation defense but requiring any amendment to explain the factual and legal basis for the mitigation defense). Because the second affirmative defense is insufficiently pled, the Court will recommend granting Plaintiff's motion to strike the second affirmative defense but also to grant Defendant leave to amend the answer to provide some factual basis to support the defense.

### Third Affirmative Defense

Failure to exhaust is a proper affirmative defense. *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc). Courts generally have agreed that a failure to exhaust is a well-known affirmative defense that provides fair notice even in the absence of a detailed factual basis. *See, e.g.*, *Francis v. Luna*, No. 2:24-cv-03740-MRA-SSC, 2024 WL 5182198, at \*6 (C.D. Cal. Oct. 25, 2024) (denying motion to strike PLRA affirmative defense as conclusory, noting: "Like qualified immunity, the PLRA is frequently litigated, well established, and easily understood"); *Schmitz v. Asman*, No. 2:20-cv-00195-JAM-CKD PS, 2022 WL 2340614, at \*26 (E.D. Cal. June 29, 2022) ("raising failure to exhaust administrative remedies under the [PLRA] provides fair notice by its bare assertion"); *Antonio v. Kokor*, No. 1:16-cv-00716-DAD-MJS (PC), 2017 WL 942386, at \*3 (E.D. Cal. Mar. 10, 2017) ("Defense No. 2 alleges that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act and gives Plaintiff reasonable notice that exhaustion is in issue"). Accordingly, the undersigned will recommend that Plaintiff's motion be denied as to the third affirmative defense.

### Fourth Affirmative Defense

An assertion that "Defendant did not act with malicious intent or with reckless disregard for Plaintiff's rights and therefore is not liable for punitive damages" seeks to negate an element of Plaintiff's claim and goes to the substance of his claim. It is not an affirmative defense. *Roe*,

289 F.R.D. at 610 ("Defendants' denial of punitive damages is not an affirmative defense, but is rather an assertion that Plaintiff has not proved essential elements of her claim," citing *Zivkovic*, 302 F.3d at 1088); *Baker*, 2025 WL 3224932, at *3 (same and striking without leave to amend); *Williams v. Hill*, No. 2:23-cv-00958 TLN SCR P, 2025 WL 2448344, at *4 (E.D. Cal. Aug. 26, 2025) ("Here, defendants' denial of liability for damages goes to the substance of plaintiff's case and is not an affirmative defense. Accordingly, plaintiff's motion to strike this defense should be granted without leave to amend"); *Kaur*, 2016 WL 627307, at *3 (striking similar affirmative defense without leave to amend). Accordingly, the undersigned will recommend Plaintiff's motion to strike the fourth affirmative defense be granted, without leave to amend.

### Fifth Affirmative Defense

Fair notice is a "low" bar and does not require "great detail," but it does require "some factual basis for its affirmative defense." *Gomez*, 188 F.Supp.3d at 992; *Baker*, 2025 WL 3224932, at *4 ("Because Defendant fails to provide the basic information establishing the grounds for the affirmative defense of collateral estoppel or res judicata, he does not provide fair notice to Plaintiff"); *see G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-CV-00168-LHK, 2010 WL 3749284, at *2 (N.D. Cal. Sept. 23, 2010) (striking affirmative defenses— unclean hands, res judicata, collateral estoppel, and superseding events—for failure to provide "basic information" necessary for fair notice to plaintiff). Because the answer fails to provide sufficient information establishing the grounds for the affirmative defense of res judicata, Defendant does not provide fair notice to Plaintiff. Therefore, the Court will recommend granting Plaintiff's motion to strike the fifth affirmative defense but also to grant Defendant leave to amend the answer to provide some factual basis for this defense.

### Defendant's Argument Concerning Plaintiff's Litigation History

The undersigned elects not to address Defendant's argument that Plaintiff had fair notice of the affirmative defenses "due to his extensive history litigating cases in which similar defenses were asserted." The Court is skeptical that a plaintiff's litigation history, even an extensive one, can serve to provide fair notice of a defendant's affirmative defenses in subsequent actions filed by that plaintiff. Nor does Defendant provide legal authority in support of such an assertion.

1  **IV.    CONCLUSION AND RECOMMENDATIONS**

2      Based upon the foregoing, this Court **HEREBY RECOMMENDS** as follows:

3      1.  Plaintiff's motion to strike be **GRANTED** as to the second and fifth affirmative

4          defenses, with leave to amend;

5      2.  Plaintiff's motion to strike be **GRANTED** as to the fourth affirmative defense,

6          without leave to amend;

7      3.  Plaintiff's motion to strike be **DENIED** as to the first and third affirmative defenses;

8          and

9      4.  That Defendant be **DIRECTED** to file an amended answer to the operative complaint

10         within thirty (30) days of any order adopting these findings.

11     These Findings and Recommendations will be submitted to the United States District

12  Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days**

13  after being served with a copy of these Findings and Recommendations, a party may file written

14  objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to

15  Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without

16  leave of Court and good cause shown. The Court will not consider exhibits attached to the

17  Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the

18  exhibit in the record by its CM/ECF document and page number, when possible, or otherwise

19  reference the exhibit with specificity. Any pages filed in excess of the 15- page limitation may be

20  disregarded by the District Judge when reviewing these Findings and Recommendations under 28

21  U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result

22  in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

23  IT IS SO ORDERED.

24      Dated:    __December 17, 2025__

25                                              _____
                                                UNITED STATES MAGISTRATE JUDGE

26

27

28