UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>                    Plaintiff,<br><br>        v.<br><br>STUART SHERMAN, et al.,<br><br>                    Defendants. | Case No.: 1:21-cv-01551-JLT-CDB<br><br>**ORDER DENYING MOTIONS TO QUASH AND FOR PROTECTIVE ORDERS**<br><br>(Docs. 45, 46 & 47) |

Plaintiff Edward B. Spencer is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's Eighth Amendment failure to protect claim against Defendant Lopez.

## I.       RELEVANT BACKGROUND

On April 9, 2026, non-parties Levan Lee Thompson, Jason Michael Malfavon, and Stephen Michael Umfrid filed "Motion[s] to Quash and for Protective Order." (Docs. 45-47.)

On April 13, 2026, Defendant Lopez filed an opposition to the motions. (Doc. 48.)

The Court finds additional briefing is not warranted.

## II.      DISCUSSION

### *The Non-Party Motions*

The motions filed by non-parties Thompson, Malfavon, and Umfrid seek "to quash the subpoena for deposition served by Raye Hustlar and for a protective order." Each indicates he

"has already provided a comprehensive, sworn Declaration" to Plaintiff, detailing "all facts" within their "personal knowledge," and alleging a "deposition would be redundant, oppressive, and serve no purpose other than to harass" the non-parties. (*See* Doc. 45-47.) First, the non-parties contend the Court "must limit discovery if it determines the discovery sought is 'unreasonably' cumulative, duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," and because their "testimony has already been memorialized in a formal Declaration," forcing them "to sit for a live deposition to repeat the exact contents of a written statement constitutes an 'undue burden' under Rule 45." Second, the non-parties state they "Stand[] on the Provided Declaration" and clarify "for the record and the Court" that they have reviewed their prior declarations provided to Plaintiff and "'affirm that it is true, correct, and represents the full extent of [their] knowing regarding the events in Spencer v. Lopez'" and that they have "'no further information to provide beyond what is contained'" in their declarations. They contend that requiring their "'physical attendance at a deposition to reiterate [those] points is an inefficient use of the parties' and Court's resources.'" Third, the non-parties assert the Court "must take special care to protect" them from "significant expense or burden," and because they have "already cooperated by providing a sworn statement," they should "not be subjected to the adversarial process of a deposition which seeks information already in the requesting party's possession." The non-parties ask the Court to quash the deposition subpoenas and to "issue a PROTECTIVE ORDER stating that the [non-parties'] testimony shall be limited to the written Declaration already produced."

### *Defendant's Opposition*

Defendant contends the non-parties' motions should be denied because Defendant has complied with the Court's procedures and the Federal Rules of Civil Procedure. Specifically, Defendant cites to the Court's Discovery and Scheduling Order that permits Defendant to depose "Plaintiff and *any other witness* …." Defendant maintains the deposition notices were served to Thompson, Malfavon, and Umfrid "over a month before the depositions are set to occur" and that because they "purport to be witnesses to events in this case, Defendant is entitled to depose them under Federal Rule of Civil Procedure 30(a)(2)(B)." Further, Defendant contends the non-parties

"inserted themselves into this case and swore under oath they would testify to the facts in their declaration if called," noting that is "precisely what Defendant is asking them to do." Defendant asserts the motions should be denied and Thompson, Malfavon, and Umfrid "should be ordered to sit for" their depositions. Defendant's motion is supported by the Declaration of Deputy Attorney General Raye Hutslar. Defense counsel declares deposition notices were served to Thompson, Malfavon, and Umfrid on March 18, 2026, and that those individuals' depositions are "set to occur on April 23 and 24, 2026." Attached to counsel's declaration are copies of the declarations provided by Thompson, Malfavon, and Umfrid.

### *The Applicable Legal Standards*

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense …." Fed. R. Civ. P. 26(b)(1). The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *United States v. Chapman Univ*., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation & citation omitted). Toward that end, "Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial." *Moon v. SCP Pool Corp*., 232 F.R.D. 633, 636 (C.D. Cal. 2005).

Rule 30 governs depositions and states, in pertinent part, "'[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1).

Rule 45 provides, in relevant part, that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: … (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Third and non-parties "are subject to the same discovery obligations ... under [Rule] 45" as parties to the case, "including the obligation to respond to subpoenas for documents and testimony." *United States v. Acad. Mortg. Corp*., 968 F.3d 996, 1006 (9th Cir. 2020) (citing *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994)).

Rule 26(c) of the Federal Rules of Civil Procedure provides that "a party or any person

3

from whom discovery is sought may move for a protective order." Fed. R. Civ. P. 26(c)(1). The rule "was enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)." *United States v. Columbia Broad. Sys., Inc*., 666 F.2d 364, 368-69 (9th Cir. 1982). Pursuant to Rule 26(c), the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...." Fed. R. Civ. P. 26(c)(1). For example, "[d]istrict courts need not condone the use of discovery to engage in 'fishing expedition[s].'" *Rivera v. NIBCO, Inc*., 364 F.3d 1057, 1072 (9th Cir. 2004). Generally, Rule 26(c) "confers broad discretion on the ... court to decide when a protective order is appropriate and what degree of protection is required." *Al Otro Lado, Inc. v. Nielsen*, 328 F.R.D. 408, 415 (S.D. Cal. 2018) (citation & internal quotation marks omitted).

### *Analysis*

The non-parties' sweeping and conclusory assertions that a "deposition would be redundant, oppressive, and serve no purpose other than to harass" them are not persuasive. First, a party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense …." Fed. R. Civ. P. 26(b)(1). This action proceeds on Plaintiff's Eighth Amendment failure to protect claim against Lopez, and specifically Plaintiff's claims that Lopez failed and/or refused to wear a mask. Here, whether Defendant Lopez was wearing a mask during the relevant period, whether he was "reprimanded by Captain Kuen for not wearing his mask," and whether the non-parties observed "Lopez with symptoms of covid-19" in November 2020 are relevant to Lopez's defense in this action. Despite the non-parties' assertions that they have nothing to add beyond their previously provided declarations, Defendant is entitled to depose them concerning the content of the declarations. Fed. R. Civ. P. 26(b)(1).

To establish good cause for issuance of a protective order, the party seeking protection bears the burden of showing that specific prejudice or harm will result if no protective order is granted. *See Beckman Indus., Inc. v. International Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992) (holding that broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test); *see also San Jose Mercury News, Inc. v. United States Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) (holding that to gain a protective order

4

the party must make a particularized showing of good cause with respect to any individual document). In determining whether good cause exits for the protective order, the Court must balance the interests in allowing discovery against the relative burdens to the parties and non-parties. *In re Coordinated Pretrial Proceedings*, 669 F.2d 620, 623 (10th Cir. 1982). Here, the non-moving parties offer nothing more than broad allegations of harm — that requiring them to sit for a deposition would be an undue burden because such a deposition is "redundant, oppressive," and otherwise harassing. *Beckman Indus., Inc.*, 966 F.2d at 476. The non-parties assert redundancy, contending they have nothing more to add than that contained in their respective declarations. But Defendant may inquire further into their statements. Fed. R. Civ. P. 26(b)(1); *see, e.g.*, *Fox v. Arizona*, No. CV-21-01089-PHX-MTL, 2022 WL 17811675, at *9 (D. Ariz. Dec. 19, 2022) ("Defendants are entitled to ask Movants about their version of those events that may undermine Plaintiff's asserted timeline of events").

The Court sees no distinction between deposing these non-parties about their declarations and a deposition of Plaintiff that explores the basis of his claim. The Court does not find that depositions of Thompson, Malfavon, and Umfrid would be oppressive or harassing. Again, Defendant may inquire further into the statements asserted in the non-party declarations. Fed. R. Civ. P. 26(b)(1). And conceivably, the depositions scheduled for April 23 and 24 will be relatively short in nature given the brief statements made by Thompson, Malfavon, and Umfrid. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (conclusory statements about impending harm or a showing that discovery may involve some inconvenience or expense does not suffice to establish good cause under Rule 26(c)). This Court has no reason to believe defense counsel has set the depositions of Thompson, Malfavon, and Umfrid to harass these individuals. *See, e.g.*, *Connelly v. Hilton Grand Vacations Company, LLC*, No. 12cv599-JLS(KSC), 2013 WL 12192013, at *4 (S.D. Cal. Nov. 27, 2013) ("Plaintiffs merely speculate that the purpose of the deposition is to harass and annoy plaintiff Merritt and/or Mrs. Merritt. As defendant points out, the extent of Mrs. Merritt's recollections about the subject cell phone calls is unclear at this time. The Court has no reason to believe that defendant intends to harass or annoy plaintiff or Mrs. Merritt ...").

Further, the Court finds that balancing the burden on non-parties against Defendant's interest in discovery, weighs in favor of Defendant. *In re Coordinated Pretrial Proceedings*, 669 F.2d at 623. Particularly where, as Defendant maintains, the non-parties "inserted themselves into this case and swore under oath they would testify to the facts in their declaration if called" to testify.

In sum, the Court finds no reason to quash the depositions subpoenas or to issue protective orders.

### III.   CONCLUSION AND ORDER

Accordingly, for the reasons stated above, the Court **HEREBY ORDERS** that the motions filed by non-parities Levan Lee Thompson, Jason Michael Malfavon, and Stephen Michael Umfrid (Docs. 45-47) are **DENIED**.

IT IS SO ORDERED.

Dated:   **April 14, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

6