UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDWARD B. SPENCER,

           Plaintiff,

     v.

STUART SHERMAN, et al.,

           Defendants.

Case No.: 1:21-cv-01551-JLT-CDB (PC)

**ORDER RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

(Doc. 37)

**ORDER RE NON-PARTY BRUMMETT JR.'S MOTION FOR PROTECTIVE ORDER**

(Doc. 50)

**ORDER RE DEFENDANT'S MOTION TO COMPEL NON-PARTY DEPOSITION TESTIMONY AND TO EXTEND DISCOVERY DEADLINE**

(Doc. 51)

**ORDER RE PLAINTIFF'S MOTION FOR 75-DAY EXTENSION OF TIME**

(Doc. 52)

Plaintiff Edward B. Spencer is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's Eighth Amendment failure to protect claim against Defendant Lopez.

//

//

## I.      RELEVANT BACKGROUND

On December 12, 2025, Plaintiff filed a motion to compel discovery (Doc. 37) and Defendant Lopez opposed (Doc. 39).

On May 1, 2026, non-party Melvin Ray Brummett, Jr. filed a "Motion Requesting Protective Order Pursuant to (Federal Rules of Civil Procedure, Rule 26(c)(1)) …." (Doc. 50.)

On May 7, 2026, Defendant filed a motion to compel non-party deposition testimony and to extend discovery deadline, and an opposition to non-party Brummett Jr.'s motion for a protective order. (Doc. 51.) That same date, Plaintiff filed a motion seeking to extend the discovery deadline. (Doc. 52.)

Following review of the above, the Court concludes no further briefing is necessary.

## II.     PLAINTIFF'S MOTION TO COMPEL (Doc. 37)

### *The Parties' Briefing*

In his motion to compel, Plaintiff contends Defendant has failed to adequately respond to his "Request for Production No's. 1, 6 and Interrogatory No. 10." Plaintiff argues Defendant's objections to request number 1 regarding privilege and privacy are overcome by his right to obtain discovery and its relevancy, noting the request may lead to "witnesses who have direct knowledge" of Defendant's actions and his credibility. As concerns request number 6, Plaintiff asserts Defendant Lopez "generated and signed a Memorandum on September 7, 2020, that clearly demonstrates his deliberate indifference to the health and safety of inmates and his refusal to protect inmates from COVID-10." Lastly, as to interrogatory number 10, Plaintiff contends defense counsel "failed to clarify in detail" Defendant's response.

Defendant opposes Plaintiff's motion. (Doc. 39.) As concerns request number 1, Defendant contends the request is overly broad, involving all inmates living in buildings 1 and 2 of facility F, "presumably [to] include innumerable lists, rosters, and other records, as well as each of those inmates' full prison records, none of which are necessary for" Plaintiff to pursue his claims in this case. Moreover, Defendant asserts that any such documents generated after the date Plaintiff contracted COVID-19 — November 24, 2020 —are not relevant, nor are any documents relating to building 2 because Plaintiff never lived in that building during the relevant period.

2

Next, Defendant maintains he cannot produce non-party inmate records as they contain "sensitive housing information which would violate" the inmates' right to privacy. Lastly, Defendant argues Plaintiff "should know better than Lopez" who else was living in facility F since Plaintiff was a resident whereas Lopez "simply worked there," and requiring Lopez "to search for and provide such information would not help" Plaintiff's case and would instead violate the inmates' right to privacy.

As concerns request number 6, Defendant contends Plaintiff has failed to explain how unspecified memoranda predating the incident in Plaintiff's complaint is relevant to his claim. Defendant argues that even if the "document were a verified admission from Lopez that he refused to wear his face mask on September 7, 2020 … it still would not prove the crux" of Plaintiff's case, and thus, Plaintiff has failed to meet his burden.

Regarding interrogatory number 10, Defendant maintains that Plaintiff's interrogatory would require him "to provide all 'true facts' for the basis of each denial" asserted in his answer to Plaintiff's operative complaint. Because Lopez "denied approximately fifty of the allegations in the complaint," interrogatory number 10 has "the effect of asking nearly fifty interrogatories," well beyond the limit imposed by Rule 33 of the Federal Rules of Civil Procedure. Further, Defendant contends Plaintiff's meet and confer letter "failed to explain what his dispute was with this response, and his argument in his motion is similarly lacking."

Plaintiff did not file a reply.

### *The Applicable Legal Standards*

"District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quotation marks & citation omitted). The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *U.S. v. Chapman Univ.*, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation & citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense …." Fed. R. Civ. P. 26(b)(1).

"'[B]road discretion is vested in the trial court to permit or deny discovery, and its

3

decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.'" *Dichter-Mad Family Partners, LLP v. United States.*, 709 F.3d 749, 751 (9th Cir. 2013) (quoting *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (alteration omitted)). "A plaintiff seeking discovery must allege 'enough fact to raise a reasonable expectation that discovery will reveal' the evidence he seeks." *Dichter-Mad Family Partners, LLP*, 709 F.3d at 751 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *see Gager v. United States*, 149 F.3d 918, 922 (9th Cir. 1998) ("It is well-established that the burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists").

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Although Rule 33(a) states that "discrete subparts" should be counted as separate interrogatories, it does not define that term. *Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 442-43 (C.D. Cal. 1998). However, "courts generally agree that 'interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (quoting *Safeco*, 181 F.R.D. at 445). Determining whether the subparts of an interrogatory are discrete requires a case-specific and interrogatory-specific assessment. *Synopsys, Inc. v. Atoptech, Inc.*, 319 F.R.D. 293, 295 (N.D. Cal. 2016).

### *Analysis*

#### Request for Production No. 1

Plaintiff's request for production number 1 seeks:

> Any and all documents such as rosters that consist of, describe, refer to, or concern any inmate names, such as inmate's first initial, last name and CDCR number, that were assigned to Facility F building 1 and 2, for the dates of November 2020 thru December 2021. This information is necessary for plaintiff to identify witnesses for the said dates.

(*See* Doc. 39-2 at 15.) Defendant's response to the request is as follows:

> Defendant objects to this request on the basis that it is overly broad

4

because it seeks documents that are irrelevant to the Parties' claims or defenses. It purports to seek "Any and all documents … that consist of, describe, refer to, or concern any inmate names" for two buildings at a CDCR institution. That would presumably include innumerable lists, rosters, and other records, as well as each of those inmates' full prison records, none of which is necessary for Spencer to pursue his claims in this action. In addition, Defendant objects to the date range in this request, because Spencer claims to have contracted COVID-19 on November 24, 2020. Any documents requested after this date are irrelevant to the parties' claims or defenses. Defendant further objects to the production of any documents related to SATF facility F, building 2, because Spencer's bed assignments from his SOMS records show that he was only housed in building 1 in the weeks preceding the date he contracted COVID, and in the weeks thereafter. As for any rosters from November 2020 regarding SATF facility F, building 1, Defendant objects to this request on the basis that the roster is protected by the right to privacy of non-parties under California Government Code section 6254, and California Code of Regulations, title 15, sections 3321, 3402, and 3450.

Based on the foregoing objections, Defendant will not produce any documents responsive to this request. To produce the roster, Plaintiff would need to seek releases from all inmates who were housed in building 1 of facility F during November 2020, of which there were 681.

(Doc. 39-2 at 36.)

Ruling re Request for Production No. 1

As noted above, Plaintiff's motion argues Defendant's objections regarding privilege and privacy are overcome by his right to obtain discovery and its relevancy. He contends his request may lead to "witnesses who have direct knowledge" of Defendant's actions and credibility.

Defendant contends the request is: over broad because it involves all inmates living in facility F and pertains to "innumerable lists, rosters, and other records, as well as each of those inmates' full prison records, none of which are necessary for" Plaintiff to pursue his claims in this case; involves a date range beyond November 24, 2020, the date Plaintiff contracted COVID-19; involves building 2 despite the fact Plaintiff never resided in that building; and the roster is protected by the non-parties' right to privacy.

Plaintiff's request is not overbroad as interpreted by the Court. The request seeks a "roster" or list of "all" inmates housed in buildings 1 and 2 of facility F by last name, first initial, and CDCR number. To the extent Defendant contends Plaintiff's request involves "innumerable

5

lists, rosters, and other records, as well as each of those inmates' full prison records," the Court disagrees. It appears Plaintiff seeks a single roster or list of those housed in facility F; the request makes no reference to "other records" or "full prison records." However, Defendant's objections to the date range and the involvement of building 2 are well taken.

Plaintiff's motion to compel production of request number 1 will be granted in part, with modification. Specifically, Defendant will be ordered to produce a roster or list of all inmates housed in building 1 of facility F in November 2020, to include a last name, first initial, and CDCR number only. This modification allows Plaintiff to identify potential "witnesses who have direct knowledge" of Defendant's actions in November 2020 and is relevant for purposes of discovery. And because, with such modification, the roster or list to be produced will not involve bed assignments or "sensitive housing information which would violate [those inmates'] right to privacy" as argued by Defendant, the Court need not address those privacy concerns.[1][2]

Request for Production No. 6

Request for production number 6 seeks "Any and all Memorandums generated and signed by Defendant Lopez that [*sic*] dated September 7, 2020." (*See* Doc. 39-2 at 16.)

Defendant objected as follows:

> Defendant objects to this request on the basis that the term "memorandums" is vague and ambiguous. Defendant further objects to the date requested on the basis that the requested documents are overly broad and irrelevant to the parties' claims and defense, because the only relevant time period is November 2020. It is unclear how memoranda from September 7, 2020 on unspecified topics would be relevant to Plaintiff's claim that Lopez failed to wear his face mask and thereby caused him to contract COVID in November 2020.

> Based on the foregoing objections, Defendant will not produce any documents responsive to this request.

---

[1] The Court is not persuaded by Defendant's reliance on *Baxter v. Buffalo*, No. 1:20-cv-00523-DKG, 2023 WL 1438716, at *2 (D. Idaho Feb. 1, 2023). There, the district court determined that disclosure of the names of inmates housed in plaintiff's cell block was unnecessary because video evidence produced showed "that no inmate directly witnessed the use of force incident in the isolated hallway" and that the "video evidence speaks for itself" and could not "be countered by witnesses who were not present").

[2] The Court notes Defendant's opposition exhibits include a privilege log concerning request number 1, including a document description of "SATF Bed History Roster for Facility F, Building 1" for the period between November 1 and November 30, 2020. (*See* Doc. 39-2 at 41.)

6

(Doc. 39-2 at 39-40.)

<u>Ruling re Request for Production No. 6</u>

In his motion, Plaintiff asserts a September 7, 2020, memorandum authored by Lopez "clearly demonstrates [Lopez's] deliberate indifference to the health and safety of inmates and his refusal to protect inmates from COVID-19." Defendant argues that even assuming such a memo amounted to a verified admission of his refusal to wear a face mask, that admission "would not prove the crux" of Plaintiff's case. But whether discovery materials sought potentially are dispositive of a claim is not the governing standard – instead, as a general matter, materials are discoverable if they are relevant. In the discovery phase, a September 7, 2020, memorandum "generated and signed" by Lopez involving any reference to a face mask is potentially relevant to Plaintiff's claim in this action. Fed. R. Civ. P. 26(b)(1); *Dichter-Mad Family Partners, LLP*, 709 F.3d at 751. And although, as Defendant states, the memo "pre-dates" Plaintiff's COVID-19 infection, the purported memo appears "reasonably calculated to lead to the discovery of admissible evidence" and is not so early or before Plaintiff's November 2020 infection as to be irrelevant.

Plaintiff's motion to compel production of request number 6 will be granted.

<u>Interrogatory No. 10</u>

Plaintiff's interrogatory number 10 states: "As to each statement in the Complaint which you denied, state what you believe the true facts to be." (*See* Doc. 39-2 at 5). Defendant's response is as follows:

> Defendant objects to this interrogatory on the basis that Defendant it is unduly burdensome and compound containing subparts in excess of the limit provided by Rule 33. This question has the effect of asking well beyond the 25-question limit, and the law does not require Defendant to provide true facts in place of denials.

> Based on the foregoing objection, Defendant will not provide a response.

(Doc. 39-2 at 28.)

<u>Ruling re Interrogatory No. 10</u>

Plaintiff essentially argues that Defendant inadequately responded by failing to "[p]rovide

7

the evidentiary basis" for the response and by failing "to clarify in detail" the response to interrogatory number 10. Defendant argues that interrogatory number 10 has "the effect of asking nearly fifty interrogatories" and thus violates Rule 33.

The undersigned overrules Plaintiff's objections and agrees with Defendant. Significantly, Plaintiff's motion to compel does not address Defendant's argument concerning discrete sub-parts. Nevertheless, seeking an explanation of the "true facts" associated with Defendant's numerous denials asserted in the answer filed August 12, 2025 (*see* Doc. 26) creates discrete sub-parts that exceed the 25 interrogatories permitted. The "true facts" associated with each denial may not be logically or factually subsumed within and necessarily relate to the question of whether Lopez failed to protect Plaintiff in violation of the Eighth Amendment by refusing or failing to wear a face mask. *See, e.g.*, *Wilson v. Merritt*, No. 1:22-cv-00455-JLT-CDB, 2026 WL 292579, at *3 (E.D. Cal. Feb. 4, 2026) (denying plaintiff's motion to compel: "A review of the exhibits … reveals many of Plaintiff's interrogatories contain discrete subparts or multiple subparts, causing the number of interrogatories to exceed the maximum of 25 … [the] information is not logically or factually subsumed within and necessarily related to the question of whether Defendants Correa, Merritt, and Carlson were deliberately indifferent to Plaintiff's serious medical needs); *Bahena v. Corvera*, No. 2:23-cv-2580-CKD P, 2025 WL 2879535, at *2 (E.D. Cal. Oct. 9, 2025) (denying defendant's motion to compel in part: "defendant exceeds the 25-interrogatory limit based on the subparts in Interrogatory No. 15. … This final interrogatory directs plaintiff to respond regarding "each unqualified admission" in his responses to the Requests for Admissions. … Defendant served 23 Requests for Admission. Thus, Interrogatory No. 15 and its subparts exceed the numerical limit"); *Romero v. Los Angeles Cnty*, No. CV 21-3972 SPG (PVCx), 2023 WL 11877304, at *11 (C.D. Cal. Oct. 4, 2023) (holding "even if the County could somehow generate the statistics Plaintiffs seek without undue effort, which the evidence before the Court has not shown, Plaintiffs still would not be entitled to responses to the vast majority of their requests as the subparts to these interrogatories would quickly exceed the total number of interrogatories presumptively authorized by Rule 33(a)(1) when properly counted as separate interrogatories"); *Singleton v. Hedgepath*, No. 1:08-cv-00095-AWI-GSA-PC, 2011

8

WL 1806515, at *7 (E.D. Cal. May 10, 2011) (denying plaintiff's motion to compel and holding, "Defendants' evidence shows that many of Plaintiff's interrogatories contained subparts or multiple subparts, which caused the number of interrogatories to exceed the maximum of twenty-five"); *see also Foster Poultry Farms v. AISLIC*, No. 1:04cv5930 REC DLB, 2005 WL 8176361, at *3 (E.D. Cal. Aug. 16, 2005) (denying defendant's motion to compel in part and holding, "The Court will not, however, grant the motion as to Interrogatory Number 25. Separate from the subpart issue, Number 25 is simply too broad as it essentially asks Plaintiffs to state their entire case against Defendants [citing *Safeco*, 181 F.R.D. at 447-448 and explaining that interrogatories that require a party to provide an "inventory of evidence" which it would offer at trial add a significant and reasonable burden to the task of the answering party]).

Plaintiff's motion to compel a response to interrogatory number 10 will be denied as exceeding the limit permitted by the applicable discovery rules.[3]

### III.   BRUMMETT JR.'S MOTION FOR PROTECTIVE ORDER (Doc. 50)

### *The Relevant Briefing*

Non-party Melvin Ray Brummett, Jr. seeks a protective order "to limit his deposition to the four [corners] of his declaration." He states he attended a deposition on April 23, 2026, and refused to answer questions or participate. Brummett Jr. contends defense counsel "failed to seek leave of the court and failed to obtain a court order to 'specifically depose Brummett,' which is legally required." Brummett Jr. maintains he is willing to be deposed but contends he should not be questioned regarding his prior convictions or litigation activity "other than the civil litigation stated in his declaration," and should not be questioned regarding grievances filed or his disciplinary history. Brummett Jr. asserts his requested exclusions are "subject to a motion in limine" and contends "annoyance, embarrassment, and [oppression]" would result if defense counsel were permitted to question him on those subjects. Further, Brummett Jr. states that should the Court refuse to issue a protective order, he requests leave of Court "to submit a 'motion in limine' … 'prior to his deposition,' as Brummett can argue that they are not admissible during

---

[3] Plaintiff propounded a total of 21 interrogatories to Defendant Lopez. (*See* Doc. 39-2 at 2-9.)

trial.'"  Brummett Jr.'s filing includes his "Formal Objections to Deposition." He declares that defense counsel did not have leave of Court to depose him because he is presently confined, that he has already provided a declaration under penalty of perjury and his "testimony is 'duplicative, redundant, cumulative, and irrelevant' due to the fact [it] has already been given in a declaration" and thus it "serves as a means of harassment," and "it would be a [miscarriage] of justice to the Plaintiff … due to his in forma pauperis status would not serve as a waiver of the cost of the transcript which would be against him on summary judgment without him being able to obtain a copy." Lastly, Plaintiff cites to authority holding that where a deponent appears but refuses to answer questions at his deposition, "the proper remedy is a court order to testify."

Defendant Lopez opposes Brummett's motion. Lopez asserts Brummett appeared for his deposition on April 23 but refused to answer any questions and stated numerous objections on the record. Lopez notes that other non-parties who provided declarations in this action and who have been deposed "recanted their declarations in whole or in part," explaining that Plaintiff presented them with the prepared declarations, asked them to sign, and "led them to believe the declarations would not be used in a legal case for money." Lopez argues that information "can only be obtained" through depositions. Lopez contends "all necessary procedures" were followed concerning scheduling of non-party depositions, including "noticing them and serving subpoenas over a month before" the deposition was to be taken. Defendant asks the Court to deny Brummett Jr.'s motion for a protective order.

### *The Applicable Legal Standards*

Rule 30 governs depositions and states, in pertinent part, "'[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1). Rule 45 provides, in relevant part, that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: … (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Third and non-parties "are subject to the same discovery obligations ... under [Rule] 45" as parties to the case, "including the obligation to respond to subpoenas for documents and testimony." *United States v. Acad. Mortg. Corp.*, 968

10

F.3d 996, 1006 (9th Cir. 2020) (citing *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994)).

Rule 26(c) provides that "a party or any person from whom discovery is sought may move for a protective order." Fed. R. Civ. P. 26(c)(1). The rule "was enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)." *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982). Pursuant to Rule 26(c), the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...." Fed. R. Civ. P. 26(c)(1). For example, "[d]istrict courts need not condone the use of discovery to engage in 'fishing expedition[s].'" *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004). Generally, Rule 26(c) "confers broad discretion on the ... court to decide when a protective order is appropriate and what degree of protection is required." *Al Otro Lado, Inc. v. Nielsen*, 328 F.R.D. 408, 415 (S.D. Cal. 2018) (citation & internal quotation marks omitted).

This Court's Discovery and Scheduling Order, issued September 18, 2025, provides, in relevant part:

> Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant may depose Plaintiff *and any other witness confined in a prison* upon condition that, at least fourteen (14) days before such a deposition, Defendant serves all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1). Pursuant to Federal Rule of Civil Procedure 30(b)(4), the parties may take any deposition under this section by video conference without a further motion or order of the Court. Nothing herein forecloses a party from bringing a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) if necessary.

(*See* Doc. 31 at 2, ¶ 3, italics added.)

### *Analysis*

First, Defendant Lopez has complied with the Federal Rules of Civil Procedure and this Court's orders by properly noticing Brummett Jr.'s deposition. (*See* Doc. 51-1 at 2, ¶ 3.) Second, despite Brummett Jr.'s contention to the contrary, Defendant is entitled to depose Brummett Jr. concerning the content of his declaration and is not limited to the "four corners" of that

11

declaration. Fed. R. Civ. P. 26(b)(1); *see, e.g.*, *Fox v. Arizona*, No. CV-21-01089-PHX-MTL, 2022 WL 17811675, at *9 (D. Ariz. Dec. 19, 2022) ("Defendants are entitled to ask Movants about their version of those events that may undermine Plaintiff's asserted timeline of events"). Next, Brummett Jr.'s request for the Court to prohibit defense counsel from inquiring into his criminal convictions, litigation activities, and grievance and disciplinary history, on the basis it would be annoying, embarrassing, oppressing and irrelevant is not well taken, particularly where other non-parties who submitted declarations in this action have recanted those declarations in whole or in part. (*See* Doc. 51-1 at 2, ¶ 6 & Ex. A.) The Court does not perceive Lopez's effort to depose Brummett Jr. as a fishing expedition nor does it find safeguarding Brummett Jr. by issuing a protective order appropriate in this circumstance. *Rivera*, 364 F.3d at 1072; *Columbia Broad. Sys., Inc.*, 666 F.2d at 368-69; *Al Otro Lado, Inc.*, 328 F.R.D. at 415.

To the extent Brummett Jr. seeks leave to file a motion in limine before any deposition, his request is denied. Whether information obtained during a deposition is admissible at trial is a subject for another day. Discovery is underway and this action has not been set for trial. Further, to the extent Brummett Jr. argues his motion should be granted because otherwise it would not serve as a waiver and Plaintiff would be disadvantaged by his *in forma pauperis* status and inability to obtain a copy of the deposition transcript, the Court is not persuaded. There is no statutory requirement for the Court or a party to provide a litigant proceeding *in forma pauperis* with copies of deposition transcripts. *See* 28 U.S.C. § 1915; *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) ("the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress"); *Tabron v. Grace*, 6 F.3d 147, 158-59 (3d Cir. 1993) (finding no abuse of discretion because there was no authorization for the court to commit federal monies to provide indigent litigants with copies of deposition transcripts); *see also, e.g.*, *Hounihan v. Villasenor*, No. 1:23-cv-00163-EPG (PC), 2023 WL 8190887, at *1 (E.D. Cal. Nov. 27, 2023) ("To the extent that Plaintiff's statements regarding his *pro se* and *in forma pauperis* status can be broadly construed as arguments for the Court to waive costs or advance funds for depositions, the Court lacks the authority to do so"); *Solorio v. Sullivan*, No. 1:19-cv-00688-JLT-GSA-PC, 2023 WL 5956938, at *1 (E.D. Cal. Sept. 13, 2023) ("Pursuant to Federal Rule of Civil Procedure 30, a

party may obtain a copy of a deposition transcript upon reasonable payment of fees, and Plaintiff's *in forma pauperis* status does not entitle him to a free copy"); *Starkey v. Hernandez*, No. 3:17-cv-01158, 2018 WL 2441554, at *1 (S.D. Cal. May 31, 2018) ("This court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed in forma pauperis"). Plaintiff's *in forma pauperis* status does not entitle him to a deposition transcript yet Plaintiff remains free to order a transcript[4] if he believes it necessary beyond whatever relevant portions are provided by Defendant in any future summary judgment motion.

Lastly, the Court finds that balancing the burden of non-party Brummett Jr. against Defendant Lopez's interest in discovery, weighs in favor of Defendant Lopez. *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 669 F.2d 620, 623 (9th Cir. 1982) (noting a court's need to balance "the burden imposed upon the responding party if a protective order is not granted as compared with the burden imposed upon the requesting party if a protective order imposing conditions is granted.") In sum, Brummett Jr.'s motion for a protective order will be denied.

### IV.   DEFENDANT'S MOTION TO COMPEL NON-PARTY DEPOSITION TESTIMONY AND TO EXTEND DISCOVERY DEADLINE (Doc. 51)

Defendant seeks an order compelling the depositions of non-parties Melvin Ray Brummett, Jr. and Levan Lee Thompson. Defendant contends both signed declarations in support of Plaintiff's action indicating they would competently testify as set forth in their declarations, but while Brummett Jr. appeared at his scheduled deposition he refused to answer any questions and that Thompson refused to appear for his scheduled deposition. Defendant notes that other non-parties who provided declarations in this action and who have been deposed "recanted their declarations in whole or in part," explaining that Plaintiff presented them with the prepared declarations, asked them to sign, and "led them to believe the declarations would not be used in a legal case for money." Defendant maintains that information "can only be obtained" through

---

[4] *See* Fed. R. Civ. P. 30(f)(3).

these depositions. Defendant notes "this Court already ruled that Defendant is entitled to depose Thompson, and any other non-party, about their declarations in support of Plaintiff's claims." Defendant further contends he "will suffer prejudice by the non-parties' refusal to participate in their depositions" and that "Defendant is entitled to know whether Thompson and Brummet Jr. will likewise recant the statements they made and on which" Plaintiff intends to reply. Defendant avers Brummett and Thompson should be compelled to sit for depositions "so Defendant can assess their truth and veracity, explore the details (and truth) of their declarations, and otherwise prepare to examine them at trial."

Next, Defendant Lopez contends the deadline for completing discovery should be extended by 30 days from the date of this order considering Brummett and Thompson's failure to appear and participate in their depositions. Defendant maintains the extension will allow him additional time to conduct the depositions. Defendant asserts good cause exists to extend the discovery deadline because he diligently issued subpoenas and properly noticed the depositions at issue and he would be prejudiced if the depositions did not proceed.

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id*.

Here, the Court finds good cause to extend the deadline concerning the completion of all discovery. However, as addressed below, the Court will extend the discovery deadline for this action beyond the 30 days requested by Defendant. Further, the Court will grant Defendant's motion to compel non-parties Brummett Jr. and Thompson to attend and meaningfully participate in a deposition.

### V.    PLAINTIFF'S MOTION TO EXTEND DEADLINE (Doc. 52)

Plaintiff asks the Court to extend the May 18, 2026, deadline to complete discovery by 75 days to August 1, 2026. (Doc. 52 at 1.) Plaintiff states Defendant conducted depositions of his

14

"primary support witnesses" in late April, yielding "new information and potential discrepancies that require" him to serve supplemental interrogatories, requests for production of documents and request for admissions, and to allow Plaintiff to "properly prepare for the deposition of the Defendant." (*Id*.) Plaintiff states that the current deadline of May 18, 2026, would not allow Plaintiff to "receive responses to these critical follow-up requests before the deadline expires." (*Id*.) Plaintiff contends the extension requested is necessary to "ensure all discoverable information is obtained before" filing a summary judgment motion and to "ensure a fair trial and complete record." (*Id*. at 2.) In the supporting declaration, Plaintiff declares he is legally blind, receives "one hour (at times) to research and print his documents during his schedule[d] law library allotted time," and that because his facility shares law library access, he can only "go to the library when his yard time is scheduled" and that on occasion that time does not "correlate with the date the library is operational." (*Id*. at 2, ¶¶ 3-5.)

The Court finds good cause to extend the deadline concerning the completion of all discovery to July 31, 2026.[5] A July 31 deadline provides Plaintiff the additional time he seeks to serve supplemental discovery, assuming he does not exceed the numerical limits imposed by the Federal Rules of Civil Procedure, this Court's Local Rules and the Court's orders in this action.

Lastly, the Court will extend the dispositive motion filing deadline from July 30, 2026, to October 9, 2026.

## VI.    CONCLUSION AND ORDER

Accordingly, for the reasons stated above, the Court **HEREBY ORDERS** that:

1. Plaintiff's motion to compel (Doc. 37) is **GRANTED IN PART and DENIED IN PART** as follows:

    a. Plaintiff's motion to compel a response to request for production of number 1 is **GRANTED** as **MODIFIED**, to wit: Defendant shall produce a roster or list of all inmates housed in building 1 of facility F in November 2020, to include a last name, first initial, and CDCR number only;

---

[5] August 1, 2026, is a Saturday.

    b. Plaintiff's motion to compel a response to request for production number 6 is **GRANTED**;

    c. Plaintiff's motion to compel a response to interrogatory number 10 is **DENIED**;

    d. Defendant shall produce any relevant documents in response to request for production number 1, as modified by the Court, and request for production number 6, within 14 days.

2. Non-party Brummett Jr.'s motion for a protective order is **DENIED** and the Clerk of the Court is directed to serve a copy of this Order on Brummett Jr. at the address provided on his filing of May 7, 2026 (Doc. 50);

3. Defendant's motion to compel non-party depositions (Doc. 51) is **GRANTED**. Defendants shall schedule and properly notice the depositions of Melvin Ray Brummett, Jr. and Levan Lee Thompson in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules. Further, Defendant shall include a copy of this Order with the Notices of Deposition;

4. Non-parties Brummett and Thompson SHALL attend and meaningfully participate in a deposition to be scheduled and properly noticed by Defendant. These non-parties are cautioned that a failure to participate may result in the Court holding any non-participating party in contempt of court. *See* Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required … may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it");

5. Plaintiff's motion for an extension of the discovery deadline (Doc. 52) is **GRANTED**;

6. The Discovery and Scheduling Order is **MODIFIED** as follows:

    a. The deadline for the completion of discovery **is extended** from May 18, 2026, **to July 31, 2026**; and

///

///

16

b.  The deadline for filing dispositive motions **is extended** from July 30, 2026, **to October 9, 2026**.

IT IS SO ORDERED.

Dated:    **May 12, 2026**     _____
UNITED STATES MAGISTRATE JUDGE

17