UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDWARD B. SPENCER,

      Plaintiff,

      v.

STUART SHERMAN, et al.,

      Defendants.

Case No.: 1:21-cv-01551-JLT-CDB (PC)

**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S FIRST AFFIRMATIVE DEFENSE AS ASSERTED IN THE FIRST AMENDED ANSWER**

(Doc. 42)

<u>14-Day Objection Period</u>

Plaintiff Edward B. Spencer is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.    RELEVANT BACKGROUND

On October 6, 2025, Plaintiff filed a motion to strike Defendant's affirmative defenses. (Doc. 33.) Defendant opposed (Doc. 35) and Plaintiff replied (Doc. 36).

On December 17, 2025, the Court issued Findings and Recommendations to Grant in Part and Deny in Part Plaintiff's Motion to Strike Affirmative Defenses. (Doc. 38.)  On January 22, 2026, the presiding district judge adopted the findings and recommendations in full. (Doc. 40.)

On January 22, 2026, Defendant filed a first amended answer. (Doc. 41.)

On February 17, 2026, Plaintiff filed a second motion to strike, challenging the first affirmative defense asserted in Defendant's first amended answer. (Doc. 42.) Defendant filed an

opposition on March 3, 2026. (Doc. 43.)

## II.    DISCUSSION

### *Applicable Legal Standards*

Federal Rule of Civil Procedure 8(c) requires the responding party to "affirmatively state any avoidance or affirmative defense" and then provides a nonexhaustive list of affirmative defenses that may be pled in response to vitiate the plaintiff's claim. Fed. R. Civ. P. 8(c)(1); *Jones v. Bock*, 549 U.S. 199, 212 (2007) (finding list "nonexhaustive"). An affirmative defense is an assertion of facts that if proven would defeat or reduce the stated claim. Thus, allegations that merely claim the plaintiff cannot meet his burden of proof or merely reserves the right to identify future defenses is not a proper affirmative defense. *See Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may strike from an answer "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  An affirmative defense may be insufficient either "as a matter of pleading or as a matter of law." *Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 627-28 (E.D. Cal. 2014) (citing *Dodson v. Strategic Restaurants Acquisition Co.*, 289 F.R.D. 595, 603 (E.D. Cal. 2013)). "Legal insufficiency means that the affirmative defense lacks merit 'under any set of facts the defendant might allege.'  Pleading insufficiency means a failure to provide the plaintiff with fair notice." *Dodson*, 289 at F.R.D. at 603 (internal citations omitted). An affirmative defense must give fair notice of the defense pled.  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

"In *Kohler v. Flava Enterprises, Inc.*, the Ninth Circuit continued to apply the 'fair notice' standard to affirmative defenses." *Chock v. Stryker Corp.*, No. 1:21-cv-00996-KES-CDB, 2025 WL 1797933, at *1 (E.D. Cal. June 30, 2025) (citing *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015)) ("[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'").[1] While *Kohler* did not address any tension with

---

[1] More recently, the Ninth Circuit endorsed the continuing applicability of the "fair notice" standard to affirmative defenses. *See Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019) (citing *Wyshak*, 607 F.2d at 827).

2

*Twombly* and *Iqbal*'s "plausible on its face" standard for complaints,[2] courts in this district have interpreted *Kohler* as reflecting that *Wyshak*'s "fair notice" standard continues to apply to affirmative defenses.[3] *See id.* (citing *Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, 188 F. Supp. 3d 986, 991–92 (E.D. Cal. 2016) (collecting cases)).

"An affirmative defense is adequately pled if it gives the opposing party 'fair notice of the defense' such that the other party may rebut the defense or strategize accordingly." *Gen. Convention of New Jerusalem in United States of America v. Calamigos Ranch Corp.*, No. 2:23-cv-00572-HDV-MAR, 2023 WL 6192704, at *2 (C.D. Cal. Aug. 10, 2023) (citing *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak*, 607 F.2d at 827) (overruled on other grounds by *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016)). Although the "fair notice" standard is relatively low, it imposes a requirement that there be "some valid factual basis" pleaded in support of the affirmative defense. *Rosen v. Masterpiece Mkgt. Grp.*, 222 F. Supp. 3d 793, 798 (C.D. Cal. 2016) (citations omitted).

### *Analysis*

The first amended answer asserts the following first affirmative defense:

> At all relevant times, Defendant acted within the scope of discretion, with due care, and with good faith in fulfillment of Defendant's responsibilities under all applicable statutes, rules, regulations, and practices; within the bounds of reason under all circumstances known, and with the good-faith belief that his actions comported with all applicable federal and state laws. Defendants therefore assert that Plaintiff's claim is barred, limited, or controlled by principles of immunity, including the federal-law principle of qualified immunity.

(Doc. 41 at 6.) It mirrors the first affirmative defense pled in Defendant's original answer. (*See*

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), establishing a "plausible on its face" standard as to allegations of a complaint.

[3] Courts in other districts have reached divergent conclusions as to whether *Kohler's* "fair notice" standard or the *Twombly/Iqbal* standard applies to the pleading of affirmative defenses. *Cf. Cota v. Avenda Corp.*, No. 3:20-cv-01137-BEN-BGS, 2020 WL 6083423, at *3-4 (S.D. Cal. Oct. 14, 2020) (collecting cases and noting "[t]he Southern District follows the Ninth Circuit's decision in *Kohler*") *with United States v. Academy Mortgage Corp.*, No. 16-cv-02120-EMC, 2020 WL 7056017, at *2 (N.D. Cal. Dec. 2, 2020) (collecting cases and noting "[o]nly two courts in this district have applied the lower 'general terms' standard from *Kohler*," and concluding "[t]here are strong policy reasons for requiring parties to meet the pleading standard set forth in *Twombly* and *Iqbal* for affirmative defenses").

Doc. 26 at 6.) The undersigned previously found this affirmative defense adequate:

> *First Affirmative Defense*
>
> This defense alleges Defendant acted "within the scope of discretion, with due care, and with good faith …." The undersigned finds the first affirmative defense puts Plaintiff on fair notice that Defendant Lopez will argue the alleged wrongful conduct constituted an exercise of discretion, carried out with due care and in good faith. *See Roe v. City of San Diego*, 289 F.R.D. 604, 609 (S.D. Cal. 2013) ("ample case law describes the scope of these defenses, and at this point in the litigation, the Individual Defendants need not elaborate further"); *Kaur v. City of Lodi*, No. 2:14-cv-00828-TLN-AC, 2016 WL 627308, at *3 (E.D. Cal. Feb. 17, 2016) (denying motion to strike good faith affirmative defense and noting federal courts' reluctance "to determine disputed or substantial issues of law [such as a discretionary versus non-discretionary functions] on a motion to strike").
>
> Further, it is well established that qualified immunity is an affirmative defense, and one that does not require additional facts to be sufficiently plead. *Crawford-El v. Britton*, 523 U.S. 574, 587 (1998); *L.F. v. City of Stockton*, No. 2:17-cv-01648-KJM-DB, 2018 WL 3817558, at *7 (E.D. Cal. Aug. 9, 2018) (stating that "qualified immunity is sufficiently pleaded without additional factual bases") (citing *Kaur*, 2016 WL 627308, at *3). The assertion of this affirmative defense puts Plaintiff on notice that Defendant intends to argue that the alleged wrongful conduct constituted an exercise of discretion and was carried out in good faith. Further, the undersigned finds that a motion to strike "is not a good fit for resolving issues like [q]ualified [i]mmunity which often turn on facts yet to be developed." *Atkins v. Pickard*, 298 F. App'x 512, 513 (7th Cir. 2008); *Mollica v. Cnty. of Sacramento*, No. 2:19-CV-02017-KJM-DB, 2021 WL 2853863, at *2 (E.D. Cal. July 8, 2021) ("This defense gives adequate notice of the individual defendants' intent to argue they are entitled to qualified immunity against claims under § 1983, a commonly litigated and well-understood affirmative defense"). Thus, the Court will recommend Plaintiff's motion to strike the first affirmative defense be denied.

(Doc. 38 at 5-6.)

In the instant motion, Plaintiff contends Defendant provided "no direct evidence of Plaintiff's Barred [*sic*] and has provided no information about how Plaintiff's claim is barred." (Doc. 42 at 4.) Plaintiff also contends that because qualified immunity "is a well-known defense, pleading the defense alone put plaintiff on notice, but Defendant went overboard by claiming Plaintiff's claim is barred, which diminish the defense alone put Plaintiff on notice." (*Id*.) Plaintiff maintains that while fair notice if a low bar, Defendant is required to provide some factual basis. (*Id*.)

4

But, as Defendant correctly points out, the presiding district judge adopted the earlier findings in full, meaning she determined after de novo review that the first affirmative defense survived Plaintiff's earlier challenge. The undersigned finds that Plaintiff's nearly identical challenge, merely parsing the language of the affirmative defense, selecting the word "barred," and attempting to create a new argument or issue, is improper. The Court's earlier analysis remains unchanged. As before, the undersigned will recommend Plaintiff's motion be denied concerning the first affirmative defense.

### III.   CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons given above, the Court **HEREBY RECOMMENDS** that Plaintiff's motion to strike Defendant's first affirmative defense (Doc. 42) be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **June 15, 2026**

UNITED STATES MAGISTRATE JUDGE

5