UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDWARD B. SPENCER,

Plaintiff,

v.

STUART SHERMAN, et al.,

Defendants.

Case No.: 1:21-cv-01551-JLT-CDB (PC)

**ORDER DENYING PLAINTIFF'S MOTION FOR ADDITIONAL INTERROGATORIES**

(Doc. 54)

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL FILED JUNE 15, 2026**

(Doc. 56)

**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL FILED JUNE 29, 2026**

(Doc. 62)

Plaintiff Edward B. Spencer is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

## I. INTRODUCTION

Pending before the Court are three discovery motions filed by Plaintiff:

Motion for Additional Interrogatories (Doc. 54)

Motion to Compel Discovery and Production of Documents (Doc. 56)

Motion to Compel Production of Impeachment Documents (Doc. 62)

Defendants have opposed the motions (Docs. 55, 60 & 63) and Plaintiff replied on one occasion (Doc. 58).[1]

## II. APPLICABLE LEGAL STANDARDS

"District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quotation marks & citation omitted). The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *United States. v. Chapman Univ*., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation & citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense …." Fed. R. Civ. P. 26(b)(1).

"'[B]road discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.'" *Dichter-Mad Family Partners, LLP v. U.S.*, 709 F.3d 749, 751 (9th Cir. 2013) (quoting *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (alteration omitted)). "A plaintiff seeking discovery must allege 'enough fact to raise a reasonable expectation that discovery will reveal' the evidence he seeks." *Dichter-Mad Family Partners, LLP*, 709 F.3d at 751 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *see Gager v. United States*, 149 F.3d 918, 922 (9th Cir. 1998) ("It is well-established that the burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists").

Rule 33 of the Federal Rules of Civil Procedure limits interrogatories to twenty-five per party, including discrete subparts, but the Court may grant leave to serve additional interrogatories to the extent consistent with Rule 26(b)(2). The limitation is not intended "to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device," and "[i]n many cases, it will be appropriate for the court to permit a larger number of interrogatories...." Advisory Committee Notes to the 1993

[1] Plaintiff did not file a timely reply to Defendant's opposition filed June 29, 2026, and the Court finds a reply to Defendant's opposition filed July 13, 2026, to be unnecessary.

Amendments of Fed. R. Civ. P. 33. While a party requesting additional interrogatories ordinarily must make a "particularized showing" as to why additional discovery is necessary, a party proceeding pro se is held to a somewhat lesser standard and need only show "good cause." *See McClellan v. Kern County Sheriff's Office*, No. 1:10-cv-0386 LJO MJS (PC), 2015 WL 5732242, at *1 (E.D. Cal. Sept. 29, 2015) (citing Fed. R. Civ. P. 26(b)(1)); *Cantu v. Garcia*, No. 1:09-cv-00177 AWI DLB PC, 2013 WL101667, at *3 (E.D. Cal. Jan. 8, 2013); *McNeil v. Hayes*, No. 1:10-cv-01746-AWI-SKO (PC), 2014 WL 1125014, at *2 (E.D. Cal. Mar. 20, 2014); *Eichler v. Tilton*, No. CIV S–06–2894 JAM CMK P, 2010 WL 457334, at *1 (E.D. Cal. Feb. 3, 2010). An incarcerated party's highly limited ability to conduct a deposition in prison may contribute to a finding of good cause to file additional interrogatories. *See McNeil*, 2014 WL 1125014, at *2; *see also Brown v. Chothia*, No. 1:19-cv-00352-EPG (PC), 2020 WL 6060682, at *1 (E.D. Cal. Oct. 14, 2020).

Pursuant to Rule 33(a), once the moving party has made the appropriate showing, the court shall grant leave if it is consistent with Rule 26(b)(2). Rule 26 states that the court must limit the "frequency or scope of discovery otherwise allowed by these rules" if it finds that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

## III. MOTION FOR ADDITIONAL INTERROGATORIES (Doc. 54)

### *Summary of the Parties' Briefing*

Plaintiff seeks an order permitting him to serve ten additional interrogatories to Defendant Lopez. (Doc. 54.) Plaintiff contends he has "encountered 'extraordinary circumstances' during the recent depositions of his primary support witness" wherein those individuals "recanted sworn declarations" during questioning. (*Id*. at 2.) Plaintiff contends that to ensure fairness and "to investigate the sudden shift in testimony – including potential witness tampering or undisclosed

communications by the Defense," additional interrogatories are required. (*Id.*) Plaintiff maintains good cause exists because "[t]he 'Recantation Surprise'" constitutes new evidence and he is "entitled to explore whether Defendant Lopez or agents of the Defense had undocumented contact with these witnesses between the signing of the declarations and the deposition," that the additional interrogatories "are narrowly tailored to the credibility and impeachment issues raised on May 12, 2026," and that he "is not fishing nor harassing the Defendants," nor is he seeking cumulative discovery. (*Id.*) Plaintiff states: "The defense used the deposition to dismantle the Plaintiff's case-in-chief; Plaintiff now has a constitutional right to rebuttal discovery." (*Id.*) Plaintiff states the additional ten interrogatories seek to discover the "Defense's own influence over the witnesses (who are in the Defense's custody as inmates)" and denying the request "would allow the defense to 'shield' their methods of witness procurement from scrutiny." (*Id.* at 2-3.)

Defendant Lopez opposes Plaintiff's motion and asserts "Plaintiff should not be awarded an opportunity to serve more interrogatories because he is dissatisfied with the testimony that came from his own witnesses' depositions." (Doc. 55.) Noting Plaintiff has already served Defendant with three sets of interrogatories, Defendant argues Plaintiff has not established that the relevance of the additional interrogatories outweighs the burden on Defendant. (*Id.* at 2.) Further, Defendant contends that any answers bearing on the credibility of Plaintiff's witnesses "may be used for impeachment at trial, but not as substantive evidence to grant (or deny) summary judgment." (*Id.*) Defendant notes the witnesses' recantation was of Plaintiff's "own doing, because he provided seemingly fraudulent declarations to support his case." (*Id.*) More specifically, Plaintiff approached those witnesses with prepared, typed declarations and persuaded the witnesses to sign the declaration without explaining how he planned to use them. (*Id.*) When Defendant deposed Plaintiff's witnesses, two recanted the relevant declarations entirely and another recanted portions of his declaration. (*Id.*) Defendant maintains Plaintiff fails to "explain how additional interrogatories about the credibility of *his* witnesses would assist his case" and that their credibility "has no bearing on his arguments supporting or opposing summary judgment and are therefore irrelevant." (*Id.*) Next, Defendant contends Plaintiff's speculation that defense

counsel "engaged in 'potential witness tampering or undisclosed communications'" is baseless because "defense counsel's only contact with these witnesses was through serving deposition notices and subpoenas … and then taking their depositions" as attested to in the supporting Declaration of Raye Hutslar. (*Id.*) Defendant argues Plaintiff "has not shown justification for a 'fishing expedition' into why his own witnesses recanted their prior statements, particularly when they already explained – under oath – what happened." (*Id.* at 3.)

In his reply to Defendant's opposition, Plaintiff denies he seeks additional interrogatories because he is dissatisfied; rather, Plaintiff contends "it is critically necessary because there are serious, sudden discrepancies between the witnesses' initial sworn declarations and their subsequent deposition testimony." (Doc. 58.) Plaintiff maintains he has a right to "investigate whether these sudden recantations were the product of defense intimidation, interference, or witness tampering." (*Id.* at 1.) He argues the relevance of ten additional interrogatories outweighs any minimal burden to Defendant, that Defendant "misapplies" cited case law, and that he did not engage in improper conduct when interacting with the witnesses; he states "the declarations reflected the witnesses' self-stated accounts at the time" the declarations were signed. (*Id.* at 2-3.) Plaintiff contends these circumstances raise "a red flag" and he "should not be forced to wait until trial to impeach these witnesses when the intervening cause of their changed testimony can be uncovered now through limited, written interrogatories." (*Id.* at 3.)

***Analysis***

Here, Plaintiff fails to make the required showing to justify serving ten additional interrogatories because the proposed interrogatories were not included in or otherwise attached to Plaintiff's motion. (*See* Doc. 54.) Therefore, the Court cannot subject his request to "judicial scrutiny" to determine whether the additional interrogatories make for "potentially excessive use of this discovery device." *See* Advisory Committee Notes to the 1993 Amendments of Fed. R. Civ. P. 33. *See, e.g.*, *Stephenson v. Clendenin*, No. 2:22-cv-01521-DAD-JDP (PC), 2024 WL 2924687, at *2 (E.D. Cal. May 14, 2024) (denying motion for additional interrogatories because plaintiff did not submit proposed interrogatories); *O'Connor v. Perez*, No. 2:18-cv-1057 DB P, 2020 WL 6928651, at *1 (E.D. Cal. Sept. 1, 2020) (denying reconsideration and noting "plaintiff

had not submitted proposed interrogatories," that "plaintiff was instructed that any future motion should include proposed interrogatories," and that his "motion for reconsideration does not include proposed interrogatories"); *Pruitt v. Clark*, No. 1:07-cv-01709-AWI-SKO PC, 2011 WL 4929188, at *1 (E.D. Cal. Oct. 17, 2011) (denying motion for leave to serve excess interrogatories and stating: "The Court will not grant any party leave to serve interrogatories in excess of twenty-five in the absence of information sufficient to allow the Court to scrutinize the request and ensure it is not excessive"); *Smith v. Davis*, No. 1:07-cv-01632-AWI-GSA PC, 2009 WL 2905794, at *1 (E.D. Cal. Sept. 4, 2009) (denying motion for leave to serve additional interrogatories and nothing the "motion is not supported by evidence of his previously served interrogatories or his proposed additional interrogatories").

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *George v. Edholm,* 752 F.3d 1206, 1214 (9th Cir. 2014) (internal quotation marks & citations omitted); *see Spencer v. Peters*, 966 F. Supp.2d 1146, 1163 (W.D. Wash. 2013) ("There are inconsistencies in Matthew's recent testimony and between his recent testimony as well as his prior testimony and declaration; these inconsistencies may indeed undermine his credibility. However, whether Matthew is to be believed, to what extent, or as to what subject matter is for a jury to determine"); *Rios v. City of Azusa*, No. 2:22-cv-03968-WLH-RAOx, 2024 WL 4315231, at *5 n.3 (C.D. Cal. Sept. 6, 2024) ("The Court denies the request [to postpone its summary judgment ruling] because no deposition testimony would change the Court's view of Brown's declaration. Even if Brown were to contradict or recant his declaration at deposition, that would go to the weight of the evidence, which is not for the Cour to determine"); *Hisle v. Conanan*, No. 1:17-cv-01400-LJO-SAB (PC), 2019 WL 5617951, at *1 (E.D. Cal. Oct. 31, 2019) ("In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence"). Thus, to the extent Plaintiff argues his motion should be granted because the credibility of his witnesses is relevant at summary judgment, he is mistaken.

It is clear the gist of the additional interrogatories Plaintiff wishes to propound concern the reasons behind Plaintiff's witnesses' recantations, whether in whole or in part, during their recent

depositions, and more specifically, whether defense counsel acted in a manner that caused the recantation. But because Plaintiff did not provide the Court with the proposed interrogatories, it cannot subject them to judicial scrutiny. On that basis, Plaintiff's motion will be denied.

## IV. MOTION TO COMPEL DISCOVERY AND PRODUCTION OF DOCUMENTS (Doc. 56)

***Summary of the Parties' Briefing***

Plaintiff moves for an order compelling Defendant "to produce discoverable information from recent depositions of Plaintiff's support witnesses, including any testimony Defendant intends to use for summary judgment or trial." (Doc. 56 at 1.) Plaintiff contends that Defendant has "access" and "control" of deposition transcripts, thus, they are "subject to production" under Rule 34 of the Federal Rules of Civil Procedure. (*Id*. at 2.) Further, Plaintiff argues Rule 26(a)(3)[2] requires a party to "provide the identification of those portions of depositions they intend to use at trial" and that "Defendant cannot withhold this information until the eve of trial." (*Id.*) Lastly, Plaintiff contends the interests of justice require he have access to the evidence being used against him and without the relevant information he will be prevented from effectively responding to a summary judgment motion. (*Id*.) He asks the Court to compel Defendant "to produce copies of any deposition testimony or transcripts" and to order Defendant to "identify which portions of said testimony" he intends to use "for Summary Judgment or Trial." (*Id*.)

Defendant opposes on several bases. (Doc. 60.) First, Defendant argues Plaintiff's motion is improper and premature: improper because Plaintiff is attempting to obtain deposition transcripts free of charge and where the transcripts are equally available to him, and premature because Plaintiff filed this motion seeking to compel a response to Interrogatory No. 25 before the Court has determined whether Plaintiff may propound additional interrogatories, and thus before any ruling that Defendant had an obligation to respond to Interrogatory No. 25. (*Id*. at 3.) Next, Defendant contends Plaintiff's motion does not seek discoverable facts; rather, Plaintiff

---

[2] Rule 26(a)(3) concerns pretrial disclosures. Such "disclosures must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B). This matter is in the discovery phase and a trial has not been scheduled. A pretrial hearing and jury trial will be set following final determination of any dispositive motions, if warranted.

seeks to comply counsel's work product, i.e., "'identify which portions of said testimony they intend to use for Summary Judgment and or Trial.'" (*Id*. at 4.) And Interrogatory No. 25 "specifically asks Defendant to identify any testimony supporting Defendant's defenses; any statement usable for impeachment; and any testimony Defendant believes admissible at Summary Judgment or trial." (*Id*.) In addition to seeking work product, Defendant argues Plaintiff cannot establish a substantial need for that material because Plaintiff is able to obtain a substantial equivalent by other means: purchasing and reviewing the deposition transcripts for himself. (*Id*. at 5.) In conclusion, Defendant asserts Plaintiff "presents no genuine discovery dispute" and asks Defendant to provide Plaintiff with a deposition transcript at no cost and to identify important testimony and explain its importance. (*Id*.) Defendant maintains Plaintiff's motion exceeds the requirements provided for in the Federal Rules of Civil Procedure and the motion should be denied. (*Id*.)

***Analysis***

Plaintiff's Interrogatory No. 25 states:

> Identify every statement, admission, or testimony provided by Plaintiff's witnesses during the depositions held on April 25, 2026, April 27, 2026, and any other date, which Defendant contends supports any affirmative defense or contradicts the declarations previously filed by said witness in support of Plaintiff. For each statement identified, state the specific facts that lead Defendant to believe the testimony is discoverable or admissible for the purpose of Summary Judgment or trial.

(*See* Doc. 60-2 at 3.) Defendant objected as follows:

> Defendant objects to this interrogatory on the basis that it is unduly burdensome and compound containing subparts in excess of the limit provided by Rule 33. This question has the effect of asking well beyond the 25-question limit, and the law does not require Defendant to provide true facts in place of denials. Furthermore, the Court recently explained it [its] Order on Plaintiff's Motion to Compel that interrogatories that seek specific "true facts" associated with Defendant's denials creates discrete sub-parts that exceed the 25 interrogatories permitted, and denied Plaintiff's Motion to Compel further information on that basis. …
>
> Based on the foregoing objection, Defendant will not provide a response.

(*See* Doc. 60-4 at 3.)

Plaintiff's Request for Production No. 8 states:

> Produce any and all documents, digital recordings, or stenographic transcripts in Defendant's possession related to the depositions of Plaintiff's witnesses conducted on April 25, April 27, 2026 and any other dates, including any exhibits marked during the depositions and any documents Defendant intends to use to impeach the declarations of these witnesses during Summary Judgment proceedings.

(*See* Doc. 60-3 at 4.) Defendant objected as follows:

> Defendant objects to this request on the basis that it is unduly burdensome and compound. Defendant further objects to this request on the basis that it assumes incorrect facts – no witness depositions were taken on April 25. Defendant further objects on the basis that California Code of Civil Procedure section 2025.510 states that any other party or the deponent may obtain a copy of the transcript at their own expense. [Citation omitted.]
>
> Based on the foregoing objections, Defendant will not produce any documents responsive to this request. If Plaintiff would like to purchase copies of the transcripts and exhibits, he may do so by contacting Veritext Legal Solutions ….

(*See* Doc. 60-5 at 3.)

As concerns Interrogatory No. 25, Plaintiff's motion will be denied. The interrogatory is compound because it involves multiple witnesses, asks Defendant to identify statements, admissions, or testimony for each of those witnesses, asks Defendant to identify statements that support an affirmative defense and that contradict each witness's declaration, and asks Defendant to identify specific facts concerning admissibility as to each witness. *See, e.g.*, *Givens v. Cal. Dep't of Corrs. and Rehab.*, No. 2:19-cv-0017 DAD KJN P, 2023 WL 6313986, at *16 (E.D. Cal. Sept. 28, 2023) (denying motion to compel response to interrogatory and sustaining compound objection); *Peyton v. Kibler*, No. 2:21-cv-0719 JAM KJN P, 2022 WL 1693632, at *15-16 (E.D. Cal. May 26, 2022) (finding several interrogatories to be compound and denying motion to compel on that basis); *Silva v. McKenna*, No. 3:11-cv-05629-RBL-KLS, 2012 WL 1596971, at *3 (W.D. Wash. 2012) ("where an interrogator[y] contain[s] three inquiries, [it is] compound and should be counted as three interrogatories") (citation omitted); *Glass v. Beer*, No. 1:04-cv-05466-OWW-SMS PC, 2007 WL 9136876, at * 3-4 (E.D. Cal. Mar. 23, 2007) (denying motion to compel, including finding several interrogatories to be compound). And, while the interrogatory

might otherwise be separated into discrete sub-parts such that each could comprise a proper, non-compound interrogatory,[3] doing so here is inappropriate because Plaintiff has already propounded the maximum number of interrogatories to Defendant. Fed. R. Civ. P. 33.

As concerns Request for Production No. 8, Plaintiff's motion will be denied. The information sought is equally available to Plaintiff[4] and may not be compelled by way of a request for production of documents. *Edwards v. Mora*, No. 20-cv-05138-EMC, 2022 WL 3925338, at *3 (N.D. Cal. Aug. 30, 2022) (denying plaintiff's motion compel production of the entirety of his deposition transcript following defendants' filing a partial summary judgment motion that included 10 pages of the deposition transcript as an attachment); *Cyprian v. Constable*, No. 2:19-cv-0689 TLN AC P, 2022 WL 3587801, at *1-2 (E.D. Cal. Aug. 22, 2022) (denying plaintiff's motion seeking a copy of an inmate-witness's deposition transcript and stating: "Neither the Federal Rules nor any statute entitles plaintiff to a copy of the transcript without payment to the reporter, so there is no legal basis for compelled production"); *Brookins v. Hernandez*, No. 1:17-cv-01675-AWI-SAB-PC, 2020 WL 949503, at *3 (E.D. Cal. Feb. 27, 2020) ("A plaintiff cannot obtain a copy of his deposition transcript free of [charge] by way of request for production"); *Atcherley v. Hanna*, No. 2:13-cv-0576 KJM AC P, 2015 WL 4879556, at *2 (E.D. Cal. Aug. 14, 2015) ("Plaintiff may not use the discovery process to obtain free copies of documents that are equally available to him … Nor does plaintiff's in forma pauperis status require the government to provide plaintiff with a copy of his deposition transcript").[5]

---

[3] *See, e.g.*, *Trevino v. ACB Am., Inc.,* 232 F.R.D. 612, 614 (N.D.Cal.2006) (interrogatory asking defendant to "[i]dentify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds for each opinion and the expert's qualifications" constitutes three separate interrogatories).

[4] Fed. R. Civ. P. 26(b)(2)(c). Further, Rule 30(f)(3) provides that a deposition officer "must retain the stenographic notes of a deposition taken stenographically or a copy of the recording of a deposition taken by another method. When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent."

[5] *See also Tabron v. Grace*, 6 F.3d 147, 158-59 (3rd Cir. 1993) (a district court has no authority, under *in forma pauperis* statute or any other statute, to order government to pay for transcripts of depositions taken by defendant, or any other litigation expenses, for indigent plaintiff); *St. Hilaire v. Winhelm*, 79 F.3d 1154 (9th Cir. Mar. 18, 1996) (unpublished) ("There is no statutory requirement for the government to provide a litigant proceeding in forma pauperis with copies of deposition transcripts," citing *Tabron*); *Brown v. Johnson & Johnson, Inc.*, No. 1:17-cv-01285-AWI-EPG, 2018 WL 5734531, at *3 (E.D. Cal. Oct. 31, 2018) ("A defendant is not required to provide the plaintiff with a copy of deposition transcripts").

## V. MOTION TO COMPEL IMPEACHMENT DOCUMENTS (Doc. 62)

***Summary of the Parties' Briefing***

Plaintiff moves to compel production of "impeachment documents." (Doc. 62.) Plaintiff contends he served a request for production of documents on Defendant on May 6, 2026, "seeking, in relevant part, any documents or exhibits Defendant intends to use to impeach the declarations of Plaintiffs witnesses during summary judgment or trial proceedings." (*Id*. at 2.) He states Defendant refused to produce any documents, asserted an unduly burdensome objection, and argues that Defendant's argument that Plaintiff must purchase the depositions transcripts from the reporter directly ignores Defendant's "independent obligation to produce the other non transcript documents sought by the request specifically substantive evidence intended for impeachment." (*Id*.) Plaintiff argues "Defendant's reliance on CCP § 2025.510 … has absolutely no bearing on a party's duty to disclose independent documents intended for impeachment." (*Id*.) He contends that if "Defendant is in possession of statements, photographs, digital recordings, or third-party documents that it believes contradict Plaintiff's witnesses, those documents are highly relevant must be produced." (*Id*.) Next, Plaintiff argues Defendant's boilerplate objections of "'unduly burdensome'" and "'compound'" are "legally insufficient" because Defendant failed to justify the objections "with specific facts showing the nature of the burden." (*Id*.) He maintains that "[i]dentifying and producing documents targeted for use in summary judgment or trial requires no extraordinary burden, as Defendant's counsel must necessarily isolate these documents during their own case preparation." (*Id*. at 2-3.) Plaintiff asks the Court to grant his motion and order Defendant to supplement the response and to "produce all responsive impeachment documents within ten (10) days of the Courts order." (*Id*. at 3.)

Defendant opposes. (Doc. 63.) Defendant contends Plaintiff's motion "does not identify which request for production he is seeking to compel" and does not include the request itself, but whether "characterized as an interrogatory or a request for production of documents [Plaintiff] is seeking to compel the same information [sought in his second motion to compel] either by identifying specific testimony from his witnesses' depositions that Defendant intends to use to

impeach those witnesses, or by providing copies of such testimony." (*Id*. at 1-2.) Defendant "incorporates by reference Defendant's opposition to" the earlier motion and asks the Court to deny it "for all the same reasons." (*Id*. at 2.)

***Analysis***

Initially, the Court notes Defendant is correct; Plaintiff did not identify what specific request or requests he was seeking to compel because he failed to identify any request by number and did not attach the request for production at issue. (*See* Doc. 62.)[6] Plaintiff's motion is therefore deficient. *Womack v. Virga*, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011) (moving party required to inform the court which discovery requests are the subject of the motion to compel). In any event, the Court is not inclined to find, as Defendant asserts, that the motion seeks the "same information" as the previous motion to compel. It appears to the Court that Plaintiff is making a distinction between the documents he sought in the earlier motion versus those he seeks now; or, as Plaintiff characterizes it, "non transcript documents."

Again, Plaintiff has failed to provide a copy of the request for production of documents at issue and has failed to identify the specific request or requests at issue in the instant motion. And given Defendant's interpretation that this motion is duplicative of Plaintiff's earlier motion, the Court has only Defendant's incorporation by reference to his opposition to Plaintiff's second motion to compel before it. That said, the Court will liberally construe the instant motion to seek only the "non transcript documents" referred to in Request for Production No. 8 quoted above. Therefore, Defendant will be ordered to produce any documents related to the depositions of Plaintiff's witnesses occurring in April 2026 *excepting the deposition transcripts generated therefrom*, if any, within 14 days of the date of this order. In all other respects, Plaintiff's motion will be denied.

///

///

---

[6] Attached as Exhibit A to Plaintiff's motion is his meet and confer letter dated May 28, 2026. (*See* Doc. 62 at 5-7.) The letter does not identify the request or requests at issue either.

## VI. CONCLUSION AND ORDER

Accordingly, for the reasons given above, the Court **HEREBY ORDERS** that:

1. Plaintiff's Motion for Additional Interrogatories (Doc. 54) is **DENIED**;
2. Plaintiff's Motion to Compel Discovery and Production of Documents (Doc. 56) is **DENIED**; and
3. Plaintiff's Motion to Compel Production of Impeachment Documents (Doc. 62) is **GRANTED in part** and **DENIED in part** as follows:
   a. The motion is GRANTED insofar as Defendant is ordered to produce any documents related to the depositions of Plaintiff's witnesses taken in April 2026, *excepting the depositions transcripts generated therefrom*, if any, within 14 days of the date of this order; and
   b. The motion is DENIED in all other respects.

IT IS SO ORDERED.

Dated: **July 23, 2026**

UNITED STATES MAGISTRATE JUDGE