UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDWARD B. SPENCER,

Plaintiff,

v.

STUART SHERMAN, et al.,

Defendants.

Case No.: 1:21-cv-01551-JLT-CDB (PC)

**ORDER DENYING NON-PARTY BRUMMETT JR.'S DISCOVERY-RELATED MOTION FILED JULY 20, 2026**

(Doc. 64)

Clerk of the Court to Effect Service Upon Non-Party

Plaintiff Edward B. Spencer is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

## I. INTRODUCTION

On July 20, 2026, non-party Melvin Ray Brummett, Jr. filed a document titled "Motion Requesting Court Order to Produce Deposition Testimony of Deponent, Melvin Ray Brummett, Jr. for Review and Possible Corrections." (Doc. 64.)

On August 3, 2026, Defendant Lopez filed an opposition. (Doc. 67.)

The Court finds any further briefing from the non-party to be unnecessary.

## II. DISCUSSION

***Non-Party Brummett Jr.'s Motion***

Brummett, Jr. moves for "an order for defendant to produce a copy of the deposition testimony for Brummett's review and possible corrections." He states his deposition was taken on

June 10, 2026, and that he specifically requested a copy for review. Brummett Jr. asserts "(33)-days" have passed and he "has not been notified by the officer that the transcript is available nor has there been a copy provided for review." He states his belief that "this has been intentional due to the fact that Brummett's testimony of facts was devastating to defendant's case, as this Court will see [upon] review of the deposition testimony." Brummett Jr. asserts he made a timely request for a copy of his deposition testimony and that he is entitled to review the transcript "for possible corrections in form and substance."

***Defendant's Opposition***

Defendant contends Brummett Jr.'s motion should be denied as moot. Defense counsel acknowledges taking Brummett Jr.'s deposition on June 10, 2026, and his request on the record to review the transcript pursuant to Rule 30(e) of the Federal Rules of Civil Procedure. First, Defendant contends the rule places the burden concerning arrangements for transcript review on the reporter rather than the Defendant. Second, Defendant states that as a courtesy, defense counsel called Veritext and confirmed with a representative "that the court reporter is generally responsible for mailing the materials to the deponent for review." When defense counsel learned the reporter had not yet done so here, counsel provided the Veritext representative with Brummett Jr.'s contact information. The Veritext representative advised defense counsel "she would be mailing Mr. Brummett a copy of the transcript, the errata forms, and a pre-paid return envelope immediately." The representative further confirmed Brummett Jr. would have 30 days from the date he receives the materials to review them, make any changes, sign the form, and return the materials. Third, Defendant asks this Court to "remind Mr. Brummett that Rule 30(e) is to be used for corrective, and not contradictory, changes" and to admonish him "to meet and confer with defense counsel in the future, in writing, rather than seeking immediate court intervention."

***Rule 30(e) of the Federal Rules of Civil Procedure***

**(e) Review by the Witness; Changes.**

**(1)** ***Review; Statement of Changes.*** On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

> **(A)** to review the transcript or recording; and
>
> **(B)** if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.
>
> **(2)** ***Changes Indicated in the Officer's Certificate.*** The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

Fed. R. Civ. P. 30(e).

***Analysis***

Brummett Jr.'s motion will be denied. First, Brummett Jr. assumes Defendant is tasked with ensuring he receives a copy of the transcript for purposes of review but that assumption conflicts with the language of Rule 30(e). That rule references the "officer" rather than the party conducting the deposition. *See* Fed. R. Civ. P. 30(e)(1) & (2); *see also* Fed. R. Civ. P. 30(b)(5)(C) & 30(f)(1). In any event, as defense counsel's declaration states, she contacted Veritext[1] and was advised by a representative that a copy of the transcript would be sent to Brummett Jr. "immediately." It is thus reasonable to infer that Brummett Jr. has since received or is very soon to receive a copy of his deposition transcript from Veritext for purposes of review.

The Court declines to "remind Mr. Brummett that Rule 30(e) is to be used for corrective, and not contradictory, changes" or to admonish him "to meet and confer with defense counsel in the future, in writing, rather than seeking immediate court intervention." Rule 30(e) speaks for itself. Further, the Court is familiar with Veritext's Errata Sheet[2] and the notice included with a transcript concerning review pursuant to Rule 30(e)(1)(B) and finds those to be sufficient. Additionally, the Court is not inclined to require a non-party to meet and confer with defense counsel irrespective of the convenience such a requirement would have achieved in this instance.

Finally, the Court observes discovery is now closed. (*See* Doc. 53 at 16 ["The deadline for

---

[1] Although counsel does not provide a date certain, she does indicate she contacted Veritext after she received Brummett Jr.'s motion. Therefore, counsel must have contacted Veritext between July 20, 2026, and August 3, 2026 — the date Defendant's opposition was filed.

[2] The Errata Sheet requires identification of the page and line number, as well as the "Change" and "Reason" for the change.

the completion of discovery is … July 31, 2026"].) The Court anticipates the parties will file any pre-trial dispositive motions on or before October 9, 2026. (*Id*. at 17.)

## III. CONCLUSION AND ORDER

Accordingly, for the reasons given above, the Court **HEREBY ORDERS** that Melvin Ray Brummett, Jr.'s motion filed July 20, 2026 (Doc. 64) is **DENIED**.

The Clerk of the Court is directed to serve a copy of this order on non-party Brummett, Jr. at the address reflected on his motion.

IT IS SO ORDERED.

Dated: **August 10, 2026**

UNITED STATES MAGISTRATE JUDGE