**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD B. SPENCER,<br>Plaintiff,<br>v.<br>D. LOPEZ,<br>Defendant. | Case No.: 1:21-cv-01551 JLT CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S FIRST AFFIRMATIVE DEFENSE<br><br>(Docs. 42, 57) |

Edward B. Spencer seeks to hold D. Lopez, a correctional officer at Substance Abuse Treatment Facility, liable for deliberate indifference to his health and safety, which Plaintiff contends resulted in his contraction of COVID-19. (*See generally* Doc. 16; *see also* Doc. 21.) Defendant filed an amended answer, including an affirmative defense for qualified immunity. (Doc. 41.) Plaintiff moves to strike the affirmative defense. (Doc. 42.)

The magistrate judge observed that the affirmative defense, as plead in the amended answer, "mirrors the first affirmative defense pled in Defendant's original answer." (Doc. 57 at 3, *comparing* Doc. 41 at 6 *with* Doc. 26 at 6.) The magistrate judge observed that when Plaintiff challenged the affirmative defenses in initial answer, the Court found the identical language provided sufficient notice to Plaintiff of the affirmative defense for qualified immunity. (*Id.* at 4-5; *see also* Doc. 40.) The magistrate judge found Plaintiff's "nearly identical challenge" was improper and recommended the motion be denied. (*Id.* at 5.)

Plaintiff filed objections to the Findings and Recommendations, maintaining that the affirmative defense does not satisfy "the fair notice pleading standard." (Doc. 61 at 1.) Plaintiff contends Defendant did not offer more than a "boilerplate assertion" and such "fails to appropriately notice a qualified immunity defense." (*Id.* at 2, emphasis omitted.) Plaintiff again questions Defendant's assertion that his claim is "barred," arguing that "Defendant went 'overboard' by using an absolute bar as a generic shield." (*Id.* at 3.)

Notably, Plaintiff ignores the prior findings of this Court related to the first affirmative defense. As the magistrate judge observed, the new motion does not show reconsideration of the Court's prior finding is warranted. The amended answer provides Plaintiff sufficient notice of the "qualified immunity" defense without additional information at this stage of the litigation. *See L.F. v. City of Stockton,* 2018 WL 3817558, at *7 (E.D. Cal. Aug. 9, 2018) ("qualified immunity is sufficiently pleaded without additional factual bases"); *see also Devermont v. City of San Diego*, 2013 WL 2898342, at *8 (S.D. Cal. June 12, 2013) (denying a motion to strike a qualified immunity defense, noting that it is a well-established defense and a plaintiff "can probe the factual basis of [the qualified immunity] defense as the case progresses"). Moreover, Plaintiff's questioning of the use of the word "barred" does not show that he lacks fair notice of the alleged qualified immunity defense.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations to be supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on June 16, 2026 (Doc. 57) are **ADOPTED** in full.
2. Plaintiff's motion to strike (Doc. 42) is **DENIED**.

IT IS SO ORDERED.

Dated: September 30, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE